GT GreenbergTraurig

**MEMO ENDORSED**

Fredric J. Bold, Jr.
Tel 678.553.2254
rick.bold@gtlaw.com

August 14, 2026

**VIA ECF**
The Honorable Sarah L. Cave
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007-1312
Cave_NYSDChambers@nysd.uscourts.gov

**Re: *Swedish Institute, Inc. v. Lincoln Educ. Servs. Corp*. et al., No. 26-cv-05955 (JHR) (SLC)**

Dear Judge Cave:

Plaintiff Swedish Institute respectfully submits this letter motion under Individual Rule II.C.2 and Local Civil Rule 37.2 requesting a discovery conference to resolve one narrow dispute: whether Defendant Derrick Ruffin, after having improperly taken Swedish Institute's trade secrets, after having been fired by his new employer for his misconduct, and after having agreed to complete a computer forensics protocol by Court order, should have to participate equally with Swedish Institute in the cost of computer forensics.

Counsel for Swedish Institute certifies that the parties met and conferred in good faith by telephone and email. Rick Bold (for Swedish Institute) and Justin Reilly (for Mr. Ruffin) discussed this issue by phone on August 3 and August 13, lasting approximately 10 minutes, and exchanged multiple emails. Mr. Ruffin contends that he has no money to pay the forensic examiner's fees and that Swedish Institute should bear 100% of the cost. Swedish Institute asked for Mr. Ruffin to split the cost equally *or* to hand over all devices and sources to counsel without participating in a forensic process (with protections for privileged information and confidentiality). Mr. Ruffin was unwilling to agree to either approach. Counsel for Swedish Institute advised that the parties were at an impasse and that Swedish Institute would request a conference with the Court.

**Background**

On July 21, 2026, the Court entered a Consent Order requiring computer forensics. ECF No. 41 at 2. The Consent Order requires Mr. Ruffin to make all applicable devices and data sources available for forensic imaging, provides that the parties "must stipulate to a forensic protocol...and submit it to the Court within fourteen (14) business days," and expressly directs that "Plaintiff shall draft the forensic protocol." *Id.* Swedish Institute drafted the protocol and provided it to Mr. Ruffin. The parties have agreed on every term except the allocation of the forensic examiner's fees.

The draft protocol ("Protocol") provides that "[t]he Parties shall evenly split the costs and fees charged by the Forensic Examiner." Protocol at 2, attached hereto as **Exhibit A**. Mr. Ruffin refuses to agree to any cost-sharing, instead demanding that Swedish Institute bear 100% of the fees. *See e.g.*, Email Chain, attached as **Exhibit B** ("Mr. Ruffin will make available applicable devices/data sources to a forensic examiner but is financially unable to split the costs.... [He] asks that your client absorb[] the costs of the forensic examiner.").

**<u>Swedish Institute's Position</u>**

Fairness dictates that the parties should split the forensic examiner's costs equally.

*First*, since Mr. Ruffin's actions are the sole cause of the misappropriation, Swedish Institute should not have to pay any costs for Mr. Ruffin to comply with his Court-ordered obligations. When the parties discussed forensic examination, Mr. Ruffin never conditioned his agreement on Swedish Institute bearing the costs. Mr. Ruffin agreed to that relief to avoid the expense and burden of a pending TRO hearing. Swedish Institute has always agreed to pay 50% of the costs. When Mr. Ruffin refused that, Swedish Institute offered to advance 100% of the costs if Mr. Ruffin would simply turn over the relevant devices and data sources to Swedish. *See* **Exhibit B**. Mr. Ruffin declined that compromise too—wanting all the benefits and protections of a more formal forensic process but refusing to pay for it.

*Second*, the Protocol includes a remediation provision under which the forensic examiner will delete Swedish Institute's information from Mr. Ruffin's devices, which is information Mr. Ruffin agreed not to misappropriate or use under his Employment Agreement. *See* **Exhibit A** at pg. 10; *see e.g.*, ECF No. 7-2 at 10 (Agreement) (Mr. Ruffin agreed "not to...directly or indirectly, appropriate, divulge, disclose or otherwise disseminate...or use in any manner for its or any other Person's purposes or benefit any Protected Information," and "expressly acknowledge[d] and agree[d] that Protected Information constitutes trade secrets and confidential and proprietary business information"). Swedish Institute should not be required to fund, in full, the remediation of Mr. Ruffin's own improper appropriation and use of Swedish Institute's information.

*Third*, Mr. Ruffin's asserted inability to pay is not credible given his lucrative compensation package at Swedish Institute. In 2025 alone, Mr. Ruffin grossed over $405,000 from Swedish Institute, including a $275,000 base salary plus bonuses. While he claims that he is unemployed now, that is solely because he misappropriated Swedish Institute's trade secrets (among other violations), got caught by Swedish Institute, and then got fired by his new employer. All of that is of Mr. Ruffin's own making. And the Court should not allow Mr. Ruffin to pay his lawyer to fight this dispute while simultaneously claiming that he has no money.

The law firmly supports Swedish Institute's proposal, and courts routinely order this kind of cost-sharing. Indeed, just months ago, a court in this District ordered an even split of forensic examiner fees on substantially similar facts. *See Guidepoint Global, LLC v. Ware*, No. 26-cv-03684-VEC, ECF No. 79 at 1 (S.D.N.Y. June 4 2026) (ordering that the "Parties shall evenly split the costs and fees charged by the Forensic Examiner"). The Court should do the same here. *See also IME Watchdog, Inc. v. Gelardi*, No. 22-CV-1032 (PKC)(JRC), 2022 WL 1525486, at *9

GT GreenbergTraurig

(E.D.N.Y. May 13, 2022) ("The parties will share equally the cost of the forensic analysis."); *Rivera v. Parker*, No. 1:20-CV-03210-SCJ, 2020 WL 8258735, at *4 (N.D. Ga. Aug. 28, 2020) (same); *Middesk, Inc. v. Osiris Ratings, Inc., et al.*, 1:25-cv-02677-PKC at ECF No. 62 at 2 (court ordering defendants to pay *all* the forensic examiner's costs).

**Conclusion**

Swedish Institute respectfully requests an order directing that the parties evenly split the forensic examiner's fees.

Respectfully submitted,

*/s/ Fredric J. Bold, Jr.*

Fredric J. Bold, Jr.
*Counsel for Plaintiff Swedish Institute*

cc: All counsel (by ECF)

Plaintiff's request at Dkt. No. 51 is **GRANTED**.

A telephone conference to discuss the parties' discovery issue is scheduled for **August 26, 2026 at 2:15 p.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654, at the scheduled time.

The Clerk of Court is respectfully directed to close Dkt. No. 51.

SO ORDERED. August 19, 2026

SARAH L. CAVE
United States Magistrate Judge